# Exhibit D

did prior to enactment of Section 13(o), subject to further Commission rulemaking.

### [iv] Contingent Rights

A right that may be exercised only upon the occurrence of a condition that is beyond the control of its holder generally does not confer beneficial ownership of the underlying security until the condition has been satisfied.[278] The need to obtain a government agency's approval of an acquisition of securities, for example, generally is a material condition to the acquisition and will prevent the acquiror from being deemed the beneficial owner of the securities until approval has been obtained.[279] Similarly, the need for a registration statement to become effective before a right to acquire securities may be exercised prevents the holder of the right from being deemed the beneficial owner of the securities until the registration statement becomes effective.[280]

A contractual standstill provision, prohibiting a holder of convertible preferred stock from converting the preferred stock unless a third party acquires more than 50 percent of the issuer's outstanding common stock or the issuer defaults in the payment of two consecutive dividends, also will prevent the holder from being deemed the beneficial owner of the underlying security.[281] Where a seller of securities has the right to cancel the proposed sale until a specified future date, the purchaser will not be considered to have a right to acquire the securities until the seller's right to cancel expires. Accordingly, a tender offeror will not be deemed the beneficial owner of tendered shares until tendering stockholders' withdrawal rights have expired.[282] And, a person who writes a put option will not be deemed the beneficial owner of the shares subject to the option, because the counter-

---

[278] See *Sisak v. Wings and Wheels, Inc.*, Fed. Sec. L. Rep. (CCH) ¶ 92,991 (S.D.N.Y. 1970) (executory stock purchase agreement containing conditions to closing does not confer beneficial ownership until closing); SEC Division of Corporation Finance, Compliance and Disclosure Interpretations, Exchange Act Sections 13D and 13G and Regulation 13D-G Beneficial Ownership Reporting, Qs.105.02 and 110.04 (September 14, 2009).

[279] See *Levner v. Saud*, 903 F. Supp. 452, 458-62 (S.D.N.Y. 1994), *aff'd sub. nom.* 61 F. 3d 8 (1995) (conversion of preferred stock required Federal Reserve Board approval); *Transcon Lines v. A.G. Becker Inc.*, 470 F. Supp. 356, 370-71 (S.D.N.Y. 1979) (acquisition required Interstate Commerce Commission approval).

[280] SEC Division of Corporation Finance, Compliance and Disclosure Interpretations, Exchange Act Sections 13D and 13G and Regulation 13D-G Beneficial Ownership Reporting, Q.105.02 (September 14, 2009).

[281] See *Levner v. Saud*, 903 F. Supp. 452, 458-62 (S.D.N.Y. 1994), *aff'd sub. nom. Levner v. Prince Alwaleed,* 61 F. 3d 8 (2d Cir. 1995).

[282] See *Allen v. Westpoint-Pepperell, Inc.*, 1996 WL 2004 (S.D.N.Y. January 3, 1996).